**PORTSMOUTH WATER AND FIRE DISTRICT**

v.

**RHODE ISLAND PUBLIC UTILITIES COMMISSION.**

No. 2010–125–M.P.

Supreme Court of Rhode Island.

Jan. 9, 2012.

Gerald J. Petros.

Leo J. Wold.

Joseph A. Keough, Jr.

## ORDER

This case comes before the Supreme Court pursuant to a statutory petition for a writ of certiorari filed in accordance with G.L.1956 § 39–5–1. The petitioner, Portsmouth Water and Fire District (Portsmouth), seeks review of the report and order that the Rhode Island Public Utilities Commission (PUC) issued in docket No. 4025. Specifically, Portsmouth contends that the PUC erred by refusing to enforce an order issued in a previous docket allowing the City of Newport, Utilities Department, Water Division (Newport Water or utility) to repay $1,584,171 to the City of Newport (city) "if Newport Water realizes savings from efficiencies, and such funds are not required for expenses included in the revenue requirement." After reviewing the record and considering the written and oral submissions of the parties, we vacate the PUC's order in docket No. 4025 in part and remand the case to the PUC for further proceedings.

The pertinent facts of this case may briefly be summarized as follows. On November 28, 2003, in docket No. 3578, Newport Water filed a rate application with the PUC, requesting a revenue increase. As a result of this filing, a dispute arose between the utility and other parties[1] concerning several issues, including $2.5 million due from the utility to the city. A PUC-approved settlement agreement resolved docket No. 3578. As part of the settlement agreement, Newport Water was permitted to repay the $2.5 million that the city had advanced to Newport

Water. In addition, the utility agreed "not [to] seek to recover in rates any additional monies" that it borrowed from the city "up through and including June 30, 2005," and agreed that if it borrowed money after June 30, 2005, such a loan would be "reflected by appropriate documentation." The settlement agreement charged Newport Water with "the duty to monitor and track its costs and properly account for how the loan proceeds [were] applied."

On January 29, 2007, in docket No. 3818, Newport Water filed another rate application with the PUC, again requesting a revenue increase.[2] In this docket, it came to light that Newport Water owed $1,584,171 to the city for payroll, city service charges, sewer bills, and other items. On March 24, 2008, the PUC issued an order in docket No. 3818, wherein it stated in part:

"The [PUC] finds that the $1,584,171 should be paid back to the City. The [PUC] will not include this repayment to the City in Newport Water's revenue requirement, but if Newport Water realizes savings from efficiencies, and such funds are not required for expenses included in the revenue requirement, it may use such savings to pay down the accounts payable balance owed to the City."

On December 9, 2008, in docket No. 4025, Newport Water filed the rate application at issue in this case, once again seeking a revenue increase.[3] In connection with this application, all parties involved submitted prefiled testimony, as well as rebuttal and surrebuttal testimony, wherein numerous issues concerning the utility's requested revenue increase were

---

1. Additional parties to this docket were the Division of Public Utilities and Carriers (division), Portsmouth, and the United States Navy (Navy).

2. The parties to this docket were the same as in docket No. 3578.

3. The additional parties to this docket again were the division, Portsmouth, and the Navy.

addressed. The parties also addressed the following prebriefing question issued by the PUC: "Whether the issue of repayment to the City * * * in the amount of $1,584,171 has been decided by [the order in docket No. 3818]. If so, can and should the [PUC] revisit this issue in the instant docket[?]"

On June 25, 2009, the PUC held an open meeting at which it considered the evidence presented in the record and made adjustments to Newport Water's final request. With respect to the issue at hand, the PUC ruled that Portsmouth's interpretation of the order in docket No. 3818— *viz.*, that Newport Water was allowed to repay the city using only savings from efficiencies that were not required for expenses included in the revenue requirement—was incorrect. The PUC held that it "did not clearly require" the creation of savings through efficiencies as a condition precedent to the utility's repayment to the city, but merely "set forth * * * the amount which was to be repaid to the City at the time of the hearing in Docket No. 3818, but not included in Newport Water's Revenue Requirement." Moreover, according to the PUC, Newport Water did, in fact, realize "savings." To support this finding, the PUC pointed to the testimony of Julia Forgue, director of utilities for the city, who testified about the "net cost savings" that Newport Water realized. The PUC also cited the transition to quarterly billing and the implementation of radio reads [4] as further examples of efficiencies realized by Newport Water. The PUC concluded that Newport Water had not violated the PUC's previous order and that "none of the disputed repayments should be disallowed." The PUC issued a report

and order to this effect on March 29, 2010. Portsmouth timely petitioned for a writ of certiorari under § 39–5–1, and we issued the writ on April 21, 2010.

Portsmouth asserts before us that the PUC, in its order in docket No. 3818, clearly prohibited Newport Water from repaying the city using funds included in the revenue requirement. Rather, according to Portsmouth, the PUC ordered that the money for repayment come from " 'savings from efficiencies,' and only if those savings were not 'required for expenses included in the revenue requirement.' " Portsmouth argues that Newport Water violated the PUC's repayment order in this respect because it did not realize any "savings from efficiencies," but simply took the money for items included in its revenue requirement and diverted it to the city. Portsmouth finds error in the PUC's interpretation of its own order in docket No. 3818 and in its finding that the utility did not violate such order. It further argues that even if the PUC's interpretation is allowed to stand, it would amount to the prohibited practice of retroactive ratemaking. Consistent with its position, Portsmouth seeks reversal of the PUC order in docket No. 4025 and an instruction that the city return the money in question to the utility for the benefit of ratepayers.

The General Assembly has established the standard of review for cases brought before us in accordance with title 39 of the General Laws, entitled "Public Utilities and Carriers." Specifically, the Legislature declared:

"The findings of the commission on questions of fact shall be held to be

---

4. The "Radio Read Meter Reading System" electronically "read[s] all meters on a regularly scheduled basis," without anyone entering the premises, "thus minimizing unaccounted for water, estimated billings, and customer inconveniences." *See* Water Meters, City of Newport Department of Utilities, *http:// cityofnewport.com/departments/utilities/water/ meters.cfm* (last visited Jan. 6, 2012).

prima facie true, and as found by the commission and the [S]upreme [C]ourt, shall not exercise its independent judgment nor weigh conflicting evidence. An order or judgment of the commission made in the exercise of administrative discretion shall not be reversed unless the commission exceeded its authority or acted illegally, arbitrarily, or unreasonably." Section 39–5–3.

Our review requires us to determine "whether the PUC ruled in a 'lawful and reasonable' manner and whether its findings of fact are 'fairly and substantially supported by legal evidence.'" *In re Kent County Water Authority Change Rate Schedules*, 996 A.2d 123, 128 (R.I.2010) (quoting *New England Telephone & Telegraph Co. v. Public Utilities Commission*, 446 A.2d 1376, 1380 (R.I.1982)). We give great deference to the factual findings of the PUC, and "we will not disturb an order unless the PUC 'clearly exceeds its statutory authority or acts illegally, arbitrarily, or unreasonably.'" *Id.* (quoting *Narragansett Electric Co. v. Public Utilities Commission*, 773 A.2d 237, 240 (R.I.2001)). Moreover, we review the PUC's determinations of law under a *de novo* standard. *City of East Providence v. Public Utilities Commission*, 566 A.2d 1305, 1307 (R.I. 1989); *see also In re Proposed Town of New Shoreham Project*, 25 A.3d 482, 504 (R.I.2011) ("[P]ure questions of law, including statutory interpretations, decided by the [PUC] are reviewed *de novo* by this Court.").

Here, the order issued by the PUC in docket No. 3818, to wit:

"The [PUC] finds that the $1,584,171 should be paid back to the City. The [PUC] will not include this repayment to the City in Newport Water's revenue requirement, but if Newport Water realizes savings from efficiencies, and such funds are not required for expenses in- cluded in the revenue requirement, it may use such savings to pay down the accounts payable balance owed to the City[,]"

was the result of a long-standing dispute between Newport Water and Portsmouth concerning money due from the utility to the city. Such a directive from the PUC has statutory force and must be adhered to. *See New England Telephone and Telegraph Co. v. Public Utilities Commission*, 116 R.I. 356, 391, 358 A.2d 1, 21 (1976) (PUC "orders have the force of statutes"). We cannot accept the PUC's contention that "the production of 'efficiencies' was * * * merely a means to commence the required repayment at the time of the Order without increasing rates."

After a careful review of the report and order in docket No. 4025, we are of the opinion that the PUC did not make sufficient findings of fact to support its conclusion that Newport Water complied with the order in docket No. 3818. The PUC identified a number of areas of cost savings that were discussed by Ms. Forgue concerning the normalization adjustments that were made to the test year. It then concluded that the utility's "management decisions resulted in funds being made available to the utility to reduce its payables to all vendors, including the City." The PUC also found that Newport Water realized efficiencies by "the transition to quarterly billing" and "the implementation of radio reads." The PUC, however, did not specifically identify the sources of these "net cost savings," or quantify them, such that we can determine whether the utility realized $1,584,171 of "savings from efficiencies" that were "not required for expenses included in the revenue requirement." We are unable to determine, therefore, whether or not the PUC ruled in a reasonable manner and whether or not

its findings of fact are fairly and substantially supported by legal evidence.

Consequently, we vacate the PUC's order in docket No. 4025 to the extent that it failed to enforce the order in docket No. 3818 permitting Newport Water to pay back the city if the utility "realize[d] savings from efficiencies, and such funds [were] not required for expenses included in the revenue requirement." We also remand the papers to the PUC with directions that it make more specific findings of fact to support its conclusion that Newport Water complied with the order in docket No. 3818. Any party aggrieved by the PUC's order on remand may petition this Court for a writ of certiorari under the provisions of § 39–5–1.